IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01413-BNB

MUHAMMED NAZIR AL-CHALATI,

    Applicant,

v.

RICK RAEMISCH, Exec Director Colorado Dept of Corrections,
JAMES FALK, Warden, Sterling Correctional Facility, and
JOHN SUTHERS, Attorney General, State of Colorado,

    Respondents.

## ORDER TO DRAW CASE

Applicant, Muhammed Nazir Al-Chalati, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Through counsel, Mr. Al-Chalati has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (ECF No. 1). Mr. Al-Chalati is challenging the validity of his conviction in Adams County District Court case number 05CR3234. He specifically asserts a Confrontation Clause claim and an ineffective assistance of counsel claim with multiple sub-parts.

On May 23, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On June 11, 2014, Respondents filed their Pre-Answer Response (ECF No.

7). On September 4, 2014, Mr. Al-Chalati filed Applicant's Reply to Pre Answer Response (ECF No. 12). For the reasons stated below, the case will be drawn to a presiding judge and, if applicable, to a magistrate judge.

Respondents do not raise the affirmative defense of timeliness under 28 U.S.C. § 2244(d), and they concede that Mr. Al-Chalati has exhausted state remedies for his Confrontation Clause claim and portions of his ineffective assistance of counsel claim. Respondents identify the ineffective assistance of counsel claims they contend are not exhausted as claims 2(b)(ii) and 2(b)(iii). Respondents specifically argue that claims 2(b)(ii) and 2(b)(iii) are not exhausted because, although Mr. Al-Chalati presented the claims to the Colorado Court of Appeals in postconviction proceedings, he did not present the claims to the Colorado Supreme Court in a petition for writ of certiorari.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available

state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents are correct that in order to exhaust state court remedies a claim must be presented to the state's highest court if review in that court is available.  *See O'Sullivan*, 526 U.S. at 845.  However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available."  *Id.* at 847-48.  Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies.  *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process.  More specifically, the Colorado Appellate Rules provide:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.  Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a).  Pursuant to Colo. App. R. 51.1(a), the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.  *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011).  As noted above, Respondents concede that Mr. Al-Chalati fairly presented claims 2(b)(ii) and 2(b)(iii) to the Colorado Court of Appeals and it is clear that the Colorado Court of Appeals denied relief.

The Court is not persuaded by Respondents' arguments that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado. The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1(a) eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Therefore, the Court finds that claims 2(b)(ii) and 2(b)(iii) are exhausted.

In summary, Respondents do not raise the one-year limitation period as an affirmative defense and the Court rejects Respondents' arguments that Mr. Al-Chalati failed to exhaust state remedies for claims 2(b)(ii) and 2(b)(iii). Therefore, after review pursuant to D.C.COLO.LCivR 8.1(b), the case will be drawn to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this  8th  day of     September     , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court